IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CHEMUANGOH FRU                                                    PETITIONER

V.                                                    Cause No. 5:26-cv-00269-DCB-BWR

WARDEN,                                                          RESPONDENT
*Adams County Correctional Center*

REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the 28 U.S.C. § 2241 Petition [1] filed *pro se* by Chemuangoh Fru, a former immigration detainee, and the Motion to Dismiss [6], filed by Respondent, the Warden of Adams County Correctional Center.

In the Petition, received on April 2, 2026, Petitioner requested that the Court order his immediate release. Pet. [1] at 7. Respondent has provided proof that on April 28, 2026, Petitioner, "a native and citizen of Cameroon, was removed to Cameroon by Immigration and Customs Enforcement." Mot. [6] at 1; *see* ICE Form I-205 [6-1] at 1-2.

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). The Petition is moot because Petitioner has been released from immigration detention and removed from the United States. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 106 (2020) (describing habeas in the immigration context as "traditionally . . . a means to secure *release* from unlawful detention" and not "to obtain additional administrative review of his asylum claim and ultimately to

obtain authorization to stay in this country.") (emphasis in original). The Petition no longer presents a live case or controversy for purposes of satisfying Article III.

## RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss [6] be granted and the Petition [1] dismissed without prejudice as moot.

## NOTICE OF RIGHT TO OBJECT

Within fourteen days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A party may respond to another party's objections within 14 days after being served with a copy of the objections. *Id.* The district judge will determine de novo any part of the Report and Recommendation that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the Report and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *Id.*

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. A district judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996), *superseded by statute on other*

*grounds,* 28 U.S.C. § 636(b)(1).

        **SIGNED,** this the 20th day of May 2026.

*s/ Bradley W. Rath*

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE